Case 1:07-cv-01876-LJO-GSA   Document 5   Filed 01/10/08   Page 1 of 3

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY A. DYKES, ) | 1:07-CV-01876 LJO GSA HC |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS |
| D. K. SISTO, Warden, ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On December 27, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises two grounds for relief: 1) He claims the trial court violated the terms of his 1993 plea agreement when it utilized those priors as "strikes"; 2) He alleges the trial court committed prejudicial error in violation of his constitutional rights when it enhanced his sentence based on facts not proven to the jury beyond a reasonable doubt.

///

///

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

In Ground Two of the instant petition, Petitioner alleges the trial court committed prejudicial error in violation of his constitutional rights when it enhanced his sentence based on facts not proven to the jury beyond a reasonable doubt. Petitioner received a sentence of 25 years to life based on his conviction for assault with a deadly weapon and two prior "strike" convictions pursuant to California's Three Strikes law. The jury found Petitioner guilty of the assault charge, but the trial court found true the allegations that Petitioner had committed two prior strike convictions. Petitioner alleges the determination whether he had committed those two prior strike convictions should have been made by the jury, not the judge. He claims this violated his rights as interpreted by the Supreme Court in Cunningham v. California, 549 U.S. ___, 127 S.Ct. 856 (2007).

In Cunningham, the Supreme Court held that California's determinate sentencing law, which authorized the judge, not the jury, to find facts exposing a defendant to an elevated upper term sentence violated the defendant's right to trial by jury. Id. at 856. Cunningham relied on the Supreme Court's holding in Apprendi v. New Jersey. 530 U.S. 466 (2000). In Apprendi, the high court held that, under the Sixth Amendment, any fact *other than a prior conviction* that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. Id. at 490. In this case, Petitioner is challenging the trial court's finding that Petitioner had sustained two prior

convictions. Neither <u>Cunningham</u> nor <u>Apprendi</u>, or any of the other cases cited by Petitioner, stand for the proposition that such a finding cannot be made by the judge. In fact, as noted above, this type of finding was specifically excluded from the holding in <u>Apprendi</u>. <u>Id</u>. ("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury") (italics added). For this reason, Ground Two fails to state a cognizable federal claim and must be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Ground Two of the petition for writ of habeas corpus be DISMISSED with prejudice for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2008**         **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE