UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY A. DYKES, ) | 1:07-CV-01876 LJO GSA HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| ) | |
| D. K. SISTO, Warden, ) | [Doc. #11] |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. Herbert I. Levy presiding, following his conviction by jury trial on July 1, 1997, of assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1). See Lodged Doc. No. 1.[1] In a separate proceeding, the court found true allegations that Petitioner had suffered two prior convictions within the meaning of California's Three Strikes law (Cal. Penal Code § 1170.12). See Lodged Doc. No. 2. On July 30, 1997, Petitioner was sentenced to serve a term of twenty-five years to life in state prison. See Lodged Doc. No. 1.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On December 14, 1998, the Fifth DCA affirmed the judgment. See Lodged Doc. No. 2. Petitioner then sought review in the California Supreme Court. On February 24,

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

1999, the petition was summarily denied. See Lodged Doc. No. 4.

Over seven (7) years passed before Petitioner sought collateral review with respect to the pertinent judgment in the state courts, by petitions for writ of habeas corpus as follows[2]:

1. <u>Fresno County Superior Court</u>
   Filed: May 12, 2006;
   Denied: May 25, 2006;

2. <u>California Court of Appeals, Fifth Appellate District</u>
   Filed: June 2, 2006;
   Denied: June 22, 2006;

3. <u>California Supreme Court</u>
   Filed: July 3, 2006;
   Denied: February 7, 2007;

4. <u>Fresno County Superior Court</u>
   Filed: March 27, 2007;
   Denied: April 27, 2007;

5. <u>California Court of Appeals, Fifth Appellate District</u>
   Filed: May 13, 2007;
   Denied: May 25, 2007;

6. <u>California Supreme Court</u>
   Filed: June 3, 2007;
   Denied: November 28, 2007.

See Lodged Docs. Nos. 5-16.

On December 27, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On May 2, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on May 27, 2008. Respondent filed a reply to Petitioner's opposition on June 11, 2008.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

---

[2] Pursuant to the mailbox rule, the petitions are deemed filed on the date Petitioner submitted them to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

1  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
2  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
3  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
4  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
5  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
6  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
7  should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.
8       In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
9  one-year limitations period. Because Respondent's motion to dismiss is similar in procedural
10 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
11 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
12 dismiss pursuant to its authority under Rule 4.
13 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus
14      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
15 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of
16 habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
17 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
18 586 (1997).
19      In this case, the petition was filed on December 27, 2007, and therefore, it is subject to the
20 provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners
21 seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended,
22 § 2244, subdivision (d) reads:
23     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The
24     limitation period shall run from the latest of –
25        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
26
27        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
28

                    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

                    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

            (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on February 24, 1999. See Lodged Doc. No. 4. Thus, direct review concluded on May 25, 1999, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, May 26, 1999, and expired one year later on May 25, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until December 27, 2007, over seven years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,

1  544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
2  determined by the federal courts to have been untimely in state court will not satisfy the requirements
3  for statutory tolling. Id.

4   As stated above, the statute of limitations began to run on May 26, 1999, and expired on May
5  25, 2000. Petitioner did not file any petitions for collateral relief in that time. Petitioner did file six
6  petitions for collateral relief; however, none of these petitions operate to toll the limitations period
7  because they were filed well after the limitations period had already expired. Jiminez v. Rice, 276
8  F.3d 478, 482 (9th Cir.2001). Therefore, Petitioner is not entitled to any statutory tolling under
9  § 2244(d)(2).

10 D.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(C-D)

11   Petitioner claims he is entitled to tolling pursuant to § 2244(d)(1)(C)-(D) because the Ninth
12 Circuit did not decide the case of Davis v. Woodford, 446 F.3d 957 (9th Cir.2006) until recently.
13 Petitioner is incorrect. Section 2244(d)(1)(C) is inapplicable in this case by its own terms: "The
14 limitation period shall run from . . . the date on which the constitutional right asserted was initially
15 recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral
16 review." In Davis v. Woodford, the Ninth Circuit did not hold any constitutional right recognized by
17 the Supreme Court to be retroactive.

18   In addition, § 2244(d)(1)(D) does not apply because the factual predicate for Petitioner's
19 claims could have been discovered earlier through due diligence. Petitioner argues in his petition that
20 the government must be held to the terms of his plea agreement, pursuant to Davis v. Woodford.
21 This premise is not new. In fact, Petitioner acknowledges as much in his petition when he notes the
22 Supreme Court's holding in Santobello v. New York, 404 U.S. 257, 262 (1971) that, "when a plea
23 rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to
24 be part of the inducement or consideration, such promise must be fulfilled." Davis v. Woodford was
25 merely an application of this precedent. Petitioner's argument was available to him at the time of his
26 conviction and could have been raised at any time thereafter.

27   Therefore, Petitioner is not entitled to any statutory tolling pursuant to § 2244(d)(1)(C)-(D),
28 and the petition remains untimely.

E.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 17, 2008                    /s/ Gary S. Austin

1          UNITED STATES MAGISTRATE JUDGE